## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **DAVID STOKES,** | |
| *Plaintiff,* | |
| **v.** | Case No. 1:24-cv-03223-JRR |
| **CAROLYN ADAMS,** *et al.*, | |
| *Defendants.* | |

### MEMORANDUM OPINION

Pending before the court are *pro se* Plaintiff's Motion to Appoint Counsel (ECF No. 6) and Motion for Summary Judgment (ECF No. 11), as well as Defendants' Motion to Dismiss for Lack of Jurisdiction (ECF No. 16, the "Motion").  The court has reviewed all papers; no hearing is necessary.  Local Rule 105.6 (D. Md. 2023).

## I.    BACKGROUND[1]

Plaintiff initiated the instant action on November 6, 2024.  (ECF No. 1, the "Complaint"). In the Complaint, Plaintiff provides scant factual information.  As far as the court can discern, he alleges that Defendants Carolyn Adams and Patricia Powell, employees of the Circuit Court for Baltimore City, Maryland, violated Plaintiff's rights under the Fourteenth Amendment to the United States Constitution, harassed him, and "threaten [sic] freedom of 59 y/o disable man" by including him in the jury pool for the Circuit Court for Baltimore City.  (ECF No. 1 at p. 4.) Plaintiff states that, as a 59-year-old who has been "in and out of jail, prison, and mental hospitals for 47 years," he should not be included in the jury pool, and that receiving letters summoning him

---

[1] For purposes of resolving the pending Motion, which mounts a facial challenge to the court's subject matter jurisdiction as set forth in detail below, the court accepts as true all well-pled facts set forth in the Complaint.  (ECF No. 1.)  *Kerns v. United States*, 585 F.3d 187, 192 (4th Cir. 2009); *Ministry of Defence of State of Kuwait v. Naffa*, 105 F.4th 154, 159 (4th Cir. 2024).

for jury duty caused him emotional harm.  (ECF No. 1 at p. 7.)  Plaintiff seeks damages of $10,000 dollars, removal from the jury pool, and punitive damages.  *Id.*

After filing the Complaint, Plaintiff filed a Motion to Appoint Counsel (ECF No. 6) and a Motion for Summary Judgment (ECF No. 11).  In both motions, Plaintiff presets no additional factual information or legal argument, but rather asks the court to appoint him a lawyer and enter summary judgment.  On February 21, 2025, Defendants moved for dismissal of the Complaint. (ECF No. 16.)

On March 21, 2025, before the court adjudicated Plaintiff's motions at ECF Nos. 6 and 11 or Defendants' Motion, the court received correspondence from Plaintiff titled "appeal."  (ECF No. 21.)  The correspondence sets forth no grounds for appeal, however, in view of the title of the correspondence, the Clerk transmitted (what is construed as) Plaintiff's notice of appeal and the docket sheet to the United States Court of Appeals for the Fourth Circuit.  Plaintiff's opening brief in the Fourth Circuit was due April 18, 2025.  Plaintiff failed to file an opening brief.  On April 22, the Fourth Circuit mailed Plaintiff a Rule 45 Notice explaining that his case would be dismissed if no opening brief was filed before May 7, 2025.  On May 29, the Fourth Circuit dismissed his appeal for failure to prosecute (ECF No. 27) and issued a mandate effectively sending the case back to this court (ECF No. 28).  The court now considers the pending motions at ECF Nos. 6, 11, and 16.

## II.    STANDARD OF REVIEW

### a.  Federal Rule of Civil Procedure 12(b)(1)

"Rule 12(b)(1) [] authorizes dismissal for lack of subject matter jurisdiction."  *Barnett v. United States*, 193 F. Supp. 3d 515, 518 (D. Md. 2016).  Subject matter jurisdiction challenges may proceed in two ways: "either a facial challenge, asserting that the allegations pleaded in the

complaint are insufficient to establish subject matter jurisdiction, or a factual challenge, asserting 'that the jurisdictional allegations of the complaint [are] not true.'" *Mayor & City Council of Baltimore v. Trump*, 416 F. Supp. 3d 452, 479 (D. Md. 2019) (quoting *Kerns v. United States*, 585 F.3d 187, 192 (4th Cir. 2009)). In a facial challenge, "the facts alleged in the complaint are taken as true, and the motion must be denied if the complaint alleges sufficient facts to invoke subject matter jurisdiction." *Kerns*, 585 F.3d at 192; *see Ministry of Defence of State of Kuwait v. Naffa*, 105 F.4th 154, 159 (4th Cir. 2024) (same). Conversely, in a factual challenge, "the presumption of truthfulness normally accorded a complaint's allegations does not apply, and the district court is entitled to decide disputed issues of fact with respect to subject matter jurisdiction." *Kerns*, 585 F.3d 192; *see Cunningham v. Gen. Dynamics Info. Tech., Inc.*, 888 F.3d 640, 650 (4th Cir. 2018) (same). "In that circumstance, the court 'may regard the pleadings as mere evidence on the issue and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment.'" *Trump*, 416 F. Supp. 3d at 479 (quoting *Velasco v. Gov't of Indonesia*, 370 F.3d 392, 398 (4th Cir. 2004)). "The district court should apply the standard applicable to a motion for summary judgment, under which the nonmoving party must set forth specific facts beyond the pleadings to show that a genuine issue of material fact exists." *Richmond, Fredericksburg & Potomac R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991) (citing *Trentacosta v. Frontier Pacific Aircraft Indus.,* 813 F.2d 1553, 1558 (9th Cir. 1987)).

Defendants raise a facial challenge to the court's subject matter jurisdiction, asserting that Plaintiff has not alleged facts sufficient to establish diversity jurisdiction, and fails to plead the requisite amount in controversy; and, even if he had, Eleventh Amendment immunity bars Plaintiff's action against Defendants. Sovereign immunity "deprives federal courts of jurisdiction to hear claims, and a court finding that a party is entitled to sovereign immunity must dismiss the

action for lack of subject-matter jurisdiction." *Cunningham v. Gen. Dynamics Info. Tech.*, 888 F.3d 640, 649 (4th Cir. 2018) (quoting *Ackerson v. Bean Dredging LLC*, 589 F.3d 196, 207 (5th Cir. 2009)). "Given the unique attributes of sovereign immunity," the Fourth Circuit has explained that "the burden of proof falls to an entity seeking immunity as an arm of the state, even though a plaintiff generally bears the burden to prove subject matter jurisdiction." *Williams v. Big Picture Loans, LLC*, 929 F.3d 170, 176 (4th Cir. 2019) (citation omitted)); *see Hutto v. S.C. Ret. Sys.*, 773 F.3d 536, 543 (4th Cir. 2014) (explaining that "sovereign immunity is akin to an affirmative defense, which the defendant bears the burden of demonstrating").

**b. Federal Rule of Civil Procedure 12(b)(6)**

A motion asserted under Federal Rule of Civil Procedure 12(b)(6) "test[s] the sufficiency of a complaint;" it does not "resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006) (quoting *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999)). Therefore, a "Rule 12(b)(6) motion should only be granted if, after accepting all well-pleaded allegations in the plaintiff's complaint as true and drawing all reasonable factual inferences from those facts in the plaintiff's favor, it appears certain that the plaintiff cannot prove any set of facts in support of his claim entitling him to relief." *Edwards*, 178 F.3d at 244.

"While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations and footnote omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is

4

plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).  "[A] complaint that provides no more than 'labels and conclusions,' or 'a formulaic recitation of the elements of a cause of action,' is insufficient." *Bourgeois v. Live Nation Ent., Inc.*, 3 F. Supp. 3d 423, 434 (D. Md. 2014) (quoting *Twombly*, 550 U.S. at 555).  "The [c]ourt must be able to deduce 'more than the mere possibility of misconduct'; the facts of the complaint, accepted as true, must demonstrate that the plaintiff is entitled to relief." *Evans v. 7520 Surratts Rd. Operations, LLC*, No. 8:21-CV-01637-PX, 2021 WL 5326463, at *2 (D. Md. Nov. 16, 2021) (quoting *Ruffin v. Lockheed Martin Corp.*, 126 F. Supp. 3d 521, 526 (D. Md. 2015)).

## III.   <u>ANALYSIS</u>

As an initial matter, the court is ever mindful that pro se filings "must be construed liberally, . . . so as to do substantial justice," and are held to less stringent standards than filings drafted by lawyers. *Elijah v. Dunbar*, 66 F.4th 454, 460 (4th Cir. 2023) (quoting *Erickson v. Paradus*, 551 U.S. 89, 94 (2007); FED. R. CIV. P. 8(f); *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).  "In practice, this liberal construction allows courts to recognize claims despite various formal deficiencies, such as incorrect labels or lack of cited legal authority." *Wall v. Rasnick*, 42 F.4th 214, 218 (4th Cir. 2022).  Such liberal construction, however, does not absolve Plaintiff from pleading a plausible claim, and this court "may not act as an advocate for a self-represented litigant" by "conjur[ing] up" issues not presented. *Desgraviers v. PF-Frederick, LLC*, 501 F. Supp. 3d 348, 351 (D. Md. 2020) (quoting *Bey v. Shapiro Brown & Alt, LLP*, 997 F. Supp. 2d 310, 314 (D. Md. 2014), *aff'd*, 584 F. App'x 135 (4th Cir. 2014); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985)).

### A. Jurisdiction

Plaintiff alleges several different bases for this court's jurisdiction. In his civil cover sheet, he first selects "U.S. Government Plaintiff" as the basis for jurisdiction, but later lists 42 U.S.C. Section 1983 and the Americans with Disabilities Act as the United States Civil Statutes under which he files. (ECF No. 1-1.) Additionally, in his Complaint, Plaintiff selects diversity jurisdiction as the basis for jurisdiction. (ECF No. 1 at p. 4.) Defendants aver diversity jurisdiction does not exist in this matter and that Defendants are immune from Plaintiff's claims thus divesting this court of subject matter jurisdiction.

Pursuant to Federal Rule of Civil Procedure 8(a), a pleading must contain "a short and plain statement of the grounds for the court's jurisdiction." FED. R. CIV. P. 8(a)(1). "Rule 12(b)(1) of the Federal Rules of Civil Procedure authorizes dismissal for lack of subject matter jurisdiction." *Barnett v. United States*, 193 F. Supp. 3d 515, 518 (D. Md. 2016). Federal courts are courts of limited jurisdiction, "constrained to exercise only the authority conferred by Article III of the Constitution and affirmatively granted by federal statute." *In re Bulldog Trucking, Inc.*, 147 F.3d 347, 352 (4th Cir. 1998). There is thus "no presumption that the court has jurisdiction." *Pinkley, Inc. v. City of Frederick, MD.*, 191 F.3d 394, 399 (4th Cir. 1999). To the contrary, "[a] court is to presume, therefore, that a case lies *outside* its limited jurisdiction unless and until jurisdiction has been shown to be proper." *United States v. Poole*, 531 F.3d 263, 274 (4th Cir. 2008) (emphasis in original). As such, "the facts providing the court jurisdiction must be affirmatively alleged in the complaint." *Pinkley*, 191 F.3d at 399 (citing *McNutt v. General Motors Acceptance Corp.,* 298 U.S. 178, 189–90 (1936); *Dracos v. Hellenic Lines Ltd.,* 762 F.2d 348, 350 (4th Cir. 1985)); *see Nidy v. U. S. Bancorp Gov't Leasing & Fin., Inc. as Tr. for benefit of holders of COMM 2013-*

*CCRE12 Mortg. Tr. Com. Mortg. Pass-Through Certificates*, No. 19-1759, 2022 WL 2128837, at
*1 (4th Cir. June 14, 2022) (same).

First, the court notes that Plaintiff repeatedly states that he seeks $10,000 dollars in
damages. *See, e.g.,* ECF No. 1 at pp. 6, 7; ECF No. 1-1. Thus, Plaintiff falls short of the $75,000
amount in controversy requirement for federal diversity jurisdiction. 28 U.S.C. § 1332(a).
Additionally, Plaintiff lists Defendants' addresses as the Circuit Court for Baltimore City,
Maryland (ECF No. 1 at pp. 1, 2), and does not otherwise allege the citizenship/s of Defendants;
Plaintiff thus fails to adequately plead diversity of parties as required by 28 U.S.C. § 1332(a).

In the substance of his Complaint, Plaintiff appears to proceed under federal statutes
thereby invoking federal-question jurisdiction. (ECF No. 1 at p. 4.) Specifically, apart from his
claims of harassment and "threat[ened] freedom," Plaintiff alleges Defendants violated the
Fourteenth Amendment and 42 U.S.C. § 1983. *Id.*; *see also* ECF No. 1-3 at p. 1 ("Now I seek
remedy and re-dress under Section (1983) or etc. Plaintiff seek Damages for Physical, Mental and
Emotional Injuries and (Punitive) Damages."). In the Motion, Defendants aver this court lacks
jurisdiction over such claims as Defendants enjoy Eleventh Amendment immunity as State
officials.

The Eleventh Amendment provides that "the Judicial power of the United States shall not
be construed to extend to any suit in law or equity, commenced or prosecuted against one of the
United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S.
CONST. AMEND. XI. Under the Eleventh Amendment, states generally enjoy immunity from suit
unless a state waives its immunity, or the immunity is abrogated by Congress. *See Bd. of Trustees
of Univ. of Ala. v. Garrett*, 531 U.S. 356, 363–64 (2001) ("The ultimate guarantee of the Eleventh
Amendment is that nonconsenting States may not be sued by private individuals in federal court.

We have recognized, however, that Congress may abrogate the States' Eleventh Amendment immunity when it both unequivocally intends to do so and acts pursuant to a valid grant of constitutional authority." (citations omitted)); *Passaro v. Virginia*, 935 F.3d 243, 247 (4th Cir. 2019) ("[S]tate sovereign immunity bars all claims by private citizens against state governments and their agencies, except where Congress has validly abrogated that immunity or the state has waived it."). As explained *supra,* a finding that a defendant enjoys sovereign immunity on a claim presents a jurisdictional bar to the court's adjudicative power over such claim. *Cunningham v. General Dynamics Info. Tech.*, 888 F.3d 640, 649 (4th Cir. 2018).

"The Fourth Circuit has identified three exceptions to the Eleventh Amendment's prohibition of suits against a state or an arm of the state." *Doe v. Cmty. Coll. of Baltimore Cnty.*, 595 F. Supp. 3d 392, 409 (D. Md. 2022); *Anderson v. Dep't of Pub. Safety & Corr.*, No. 24-1339, 2024 WL 4814882, at *1 (4th Cir. Nov. 18, 2024) (identifying the three Eleventh Amendment immunity exceptions). The three exceptions include:

> First, Congress may abrogate the States' Eleventh Amendment immunity when it both unequivocally intends to do so and acts pursuant to a valid grant of constitutional authority. *Bd. of Trustees of Univ. of Ala. v. Garrett*, 531 U.S. 356, 363 [121 S.Ct. 955, 148 L.Ed.2d 866] (2001) . . . Second, the Eleventh Amendment permits suits for prospective injunctive relief against state officials acting in violation of federal law. *Frew ex rel. Frew v. Hawkins*, 540 U.S. 431, 437 [124 S.Ct. 899, 157 L.Ed.2d 855] (2004) . . . Third, a State remains free to waive its Eleventh Amendment immunity from suit in a federal court. *Lapides v. Bd. of Regents of Univ. Sys. of Ga.*, 535 U.S. 613, 618 [122 S.Ct. 1640, 152 L.Ed.2d 806] (2002).

*Doe.*, 595 F. Supp. 3d at 409 (quoting *Lee-Thomas v. Prince George's Cnty. Pub. Sch.*, 666 F.3d 244, 249 (4th Cir. 2012)).

Relevant here, "Congress has not abrogated sovereign immunity for § 1983 suits," *see Biggs v. N. Carolina Dep't of Pub. Safety*, 953 F.3d 236, 241 (4th Cir. 2020) (citing *Quern v. Jordan*, 440 U.S. 332, 345 (1979)), and Maryland "has not waived its immunity under the Eleventh

Amendment to suit in federal court." *Pevia v. Hogan*, 443 F. Supp. 3d 612, 632 (D. Md. 2020) (citing MD. CODE ANN., STATE GOV'T § 12-202(a)). *See also Morgan v. Copper State Univ.*, No. SAG-20-0427, 2021 WL 5280893, at *5 (D. Md. Nov. 12, 2021) (noting "Maryland has not waived its sovereign immunity as it pertains to federal statutory claims.").

"Lawsuits against state officials in their official capacities, . . . are the equivalent of suits against the state itself." *Eller v. Prince George's Cnty. Pub. Sch.*, 580 F. Supp. 3d 154, 167 (D. Md. 2022); *see Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989) ("[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office." (citing *Brandon v. Holt,* 469 U.S. 464, 471 (1985)); *Bruce & Tanya & Assocs., Inc. v. Bd. of Supervisors of Fairfax Cnty., Virginia*, 355 F. Supp. 3d 386, 399–400 (E.D. Va. 2018) ("[B]ecause a state official sued in his official capacity stands in for the entity he represents, he is equally entitled to assert that entity's sovereign immunity from suit.")). Defendants, supervisors of jury services in the Circuit Court for Baltimore City are Maryland state employees. Accordingly, Defendants enjoy sovereign immunity from, and this court lacks subject-matter jurisdiction over, Plaintiff's claims.

## B. Failure to State a Claim

To the extent Plaintiff intends to sue Defendants in their individual capacities, even were the court satisfied that it maintained jurisdiction over this matter, Plaintiff's Complaint nonetheless fails to state a cognizable claim for relief. As set forth above, Rule 8 requires that Plaintiff state "a short and plain statement of the claim showing that the pleader is entitled to relief." FED R. CIV. P. 8(a)(2). Plaintiff has provided no such information – indeed, even read liberally, he does not set forth a connection between the statutes he alleges Plaintiffs violated and their alleged violative conduct. The parties, and the court, are left to guess.

## C. Plaintiff's Motions

Because this court finds its lacks subject matter jurisdiction over Plaintiff's claims, the Complaint will be dismissed without prejudice.  As a result, Plaintiff's pending motions will be denied as moot.

## IV.    <u>CONCLUSION</u>

For the reasons set forth herein, by separate order, Defendants' Motion (ECF No. 16) will be granted.  Therefore, the Complaint will be dismissed without prejudice and Plaintiff's Motion to Appoint Counsel (ECF No. 6) and Motion for Summary Judgment (ECF No. 11) will be denied as moot.

/S/

June 3, 2025

_____
Julie R. Rubin
United States District Judge